### JONES *v.* ROLAND and Another.

A judgment by default cannot be taken in the Probate Court, unless the process has been served twenty days before the commencement of the term.

*Friday,
December 4.*

ERROR to the *Bartholomew* Probate Court.

PERKINS, J.—Assumpsit on a promissory note, in the *Bartholomew* Probate Court, by *Roland* and *Troutman*, administrators of the estate of *Nelson*, deceased, against *Jones*. Judgment by default for the plaintiffs for the amount of the note.

The writ in this case is not made a part of the record; but sufficient appears therein to show that it was served on the defendant on the 24th of *July*, 1845. The term of the Court to which it was returnable commenced on the 12th of *August* following, being but nineteen days from the service of the writ. The attorney for the plaintiff in error alleges that this was not sufficient notice to authorize the judgment, and relies to sustain the position upon sect. 29, ch. 39, R. S. 1843. The section is as follows: " Unless otherwise specially provided for by law, if a summons, citation, or any original or mesne process whatever, returnable to the first day of the term, is executed twenty days before the return-day thereof, and the party required to appear shall fail so to do, he shall be liable to judgment or decree by reason of his default, or to an attachment for contempt, as the case may require; and when no rules or regulations of law require a different course, such Court shall proceed therein in like manner as is prescribed or required in similar cases in the Circuit Court." It is argued by the counsel for the defendants in this Court, that it was not the intention of the legislature, in enacting the foregoing section, that it should embrace cases like the present, and that it does not necessarily by its terms do so. The chapter of the statutes of which this section forms a part, is devoted to the organiza-

tion, jurisdiction, and practice of the Probate Courts, and it seems to us that the section is too plain in its language to admit of but one construction; and we think it applies to the present case.

Another question has been raised. The writ issued in the cause some days before the declaration was filed. The record does not show that there was any *præcipe* directing it. This also is insisted upon, by the plaintiff in this Court, as being erroneous. The 24th sect., ch. 39, of said statutes provides, that process may issue from the Probate Courts on the filing of a *præcipe*, bill, or declaration, as the case may require. The record does not show that a *præcipe* was not filed, and we are not aware that that paper has ever been decided to be a necessary part of the record. If it is not, its filing would be presumed, the contrary not being shown; but it is not necessary to the determination of this case, that we should examine this point.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. H. Barbour*, for the plaintiff.

*W. Herod* and *L. F. Coppersmith*, for the defendants.