CARTER v. SPENCER.

To authorize a judgment by default in the Probate Court against an ad-
ministrator, under the R. S. 1843, he must have been served with pro-
cess at least twenty days before the first day of the term.

Where the declaration consists of a special and the common count, and the
defendant has made default, the common count should be dismissed,
or the damages assessed by a jury; otherwise the judgment will be
erroneous.

Tuesday,   ERROR to the *Cass* Circuit Court.
May 24.
           PERKINS, J.—Assumpsit by *Spencer* against *Carter*, ad-
ministrator upon the estate of *Tipton*, deceased, in the
*Cass* Probate Court. The declaration contained a special
count on an order for the payment of money, and the
common counts. Process was served on the defendant
less than twenty days before the first day of the term of
the Court to which the writ was returnable. There was
a judgment for the plaintiff on the default of the defend-
ant, and an assessment of damages by the Court.

Process should have been served twenty days before
the first day of the term of the Court at which judgment
was rendered. *Jones* v. *Roland*, 8 Blackf. 272. This case

is under the statutes of 1843. As to the common counts a *nolle prosequi* should have been entered, or the damages should have been assessed by a jury. *Starbuck* v. *Lazenby*, 7 Blackf. 268.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. D. Pratt*, for the plaintiff.